## Case No. 1,020.

BARNES et al. v. RYDER et al.

[3 McLean, 374.] [1]

Circuit Court, D. Illinois. June Term, 1844.

NEGOTIABLE INSTRUMENTS — DUTY OF HOLDER — PARTNERSHIP—PERSONAL LIABILITY.

1. The holder of a bill of exchange, after the demand of the acceptor and notice to the drawer, is not bound to active diligence.

2. An administrator is not bound to pay over money to a creditor of the deceased partner of the person on whose estate he administers.

3. Had such a payment been made. the administrator could not have set up such payment in a suit brought by the representatives of the deceased.

[At law. Action on a bill of exchange by Barnes and Robinson against Ryder & Co. and others. Heard on demurrer to pleas. Demurrer sustained.]

Hardin & Smith, for plaintiffs.
Davis, Strong & Martin, for defendants.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. This action was brought on a bill of exchange drawn by Ryder & Co. on Julius Varrin, for six thousand five hundred eleven dollars and forty cents, payable to Reel, Barnes & Co., or order, four months after date. The bill was dated 10th January, 1837. Varrin accepted the bill. The defendants pleaded that Varrin had their funds in his hands to meet the bill when he accepted it, and also when it became due; that he was at all times during his life, liable to pay the bill, and that his executors since his decease, at the commencement of this suit were liable. That at his decease he left a large amount of assets, after paying all debts except this bill. That among other assets he left an unsettled co-partnership concern of Varrin & Reel, which partnership consisted of the said Varrin and one John W. Reel, who at the time of his death was a partner in the firm of Reel, Barnes & Co. That Barnes was duly appointed administrator of the estate of Reel, and as administrator settled the co-partnership of Varrin & Reel, paying the debts thereof; and that after paying the debts of that concern, and before the commencement of this suit, a large amount of money, to wit, the sum of $30,000, remained in the hands of said Barnes, of which he made distribution, by paying over one half, to wit, the sum of $15,000, to one Justus Varrin, executor of Julius Varrin, and retaining the other half as part of the estate of Reel. That the said Barnes, previous to paying over the said sum of $15,000, made no provision to pay said bill of exchange.

A second plea, substantially the same as the above, and in which it is averred "that before the commencement of this action the executor of Varrin directed the said Barnes in writing, to apply any funds in his, the said Barnes's hands, belonging to the estate of Varrin, deceased, in payment of the said bill of exchange; and that the funds are still in the hands and at the disposal of the said Barnes," &c. To the above pleas the plaintiff demurred. The money stated in the first plea came into the hands of Barnes as administrator of Reel, and could not have been appropriated in paying this bill, for which the estate of Julius Varrin, who had been the partner of Reel, was liable. Had the executor of Varrin sued Barnes as administrator of Reel for money in his hands, he could not have set up this bill due the partnership in his defence. And in regard to the second plea, with the consent of the executor, Varrin, the money in the hands of Barnes might have been applied to the payment of the bill, but as the plea states it was not so applied. Nor can the failure of Barnes to make this application prejudice his co-partners. In no sense was it a payment, and it is not pleaded as such. Barnes was not bound to active diligence. On the whole we think the demurrer must be sustained to both pleas.